UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE OHIO SECURITY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) | Case Number 1:20-cv-1223 |
| v. | ) ) | |
| BEST INN MIDWEST, LLC | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant BEST INN MIDWEST, LLC ("Best Inn"), by counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(b), hereby removes the subject action from the Marion County Superior Court, State of Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, on the following grounds:

### TIMELY REMOVAL

1. On March 21, 2020 Plaintiffs commenced an action against Best Midwest LLC in Superior Court of Marion County under Cause number 49D13-2003-PL-011918.
2. Best Inn Midwest LLC was provided with copies of the Summons and Complaint on or about March 25, 2020.
3. This notice of removal is being filed within 30 days of service of the Summons and Complaint and this it is timely filed pursuant to 28 U.S.C §1446(b).
4. Best Inn Midwest LLC has not served any pleading nor made any argument in the state court action prior to filing this Notice. Best Inn Midwest LLC appeared in the state court by counsel and requested an enlargement of time so as to not prejudice to Best Inn's right to file this notice of removal.

5. Copies of all process, pleadings, and orders filed or served on Best Inn Midwest in the state court action are attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. That Defendant filed declaratory judgment in state court under 49D13-2003-PL-011918 within 30 days of this filing.

3. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the place where Plaintiff filed the state court action.

## DIVERSITY OF CITIZENSHIP

4. Pursuant to the Complaint, at all relevant times Plaintiff, The Ohio Security Insurance Company is a foreign insurer registered to do business in the State of Indiana. Its main office is 175 Berkeley Street, Boston, MA 02116.

5. BEST INN MIDWEST, LLC is an Indiana limited liability company that owns and operates a hotel at 4505 S. Harding Street, Indianapolis, IN 46217-9266.

6. Because the parties are citizens of different states, there exists complete diversity among the parties.

## AMOUNT IN CONTROVERSY

7. Plaintiff alleges it denied claims of Defendant and seeks a declaratory judgment declaring that there is no coverage under the parties' insurance contract for the claims of loss made under these three claims. Plaintiff's failure to quantify its damages does

not prevent removal. "The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim." White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994). "The question how much damages [plaintiff] is seeking is anyway a red herring, since the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit." BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002).

8. The burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy requirement is met. When the plaintiff "provides little information about the value of her claims," defendant's "good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Oshana v. Coca-Cola Co., 472 F.3d 506, 510 (7th Cir. 2006). The stakes include, cumulatively, plaintiff's damages; attorney's fees incurred by plaintiff up to the time of removal, including for work performed prior to filing its complaint; and the financial costs that would be imposed on defendant by the equitable remedies plaintiff seeks, such as an injunction or disgorgement. See id.; ABM v. Sec. Servs., Inc. v. Davis, 646 F.3d 475, 479 (7th Cir. 2011). "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc., 637 F.3d 827, 830 (7th Cir. 2011).

9. **Defendant's damages**. Plaintiff alleges that it denied coverage and is not liable for claims made by the Plaintiff which against the relevant insurance policy   The three claims which were denied and based on Plaintiff's description of the alleged damages as described in Exhibit A, B, and C estimates that Defendants value of damages in excess of $75,000 by several orders of magnitude.

10. **Defendant's attorney's fees**. Defendant demands attorney's fees under Insurance Fair Conduct Act.  Presumably, should this case proceed to trial, this claimed element of damages alone could exceed $75,000.

11. **Plaintiff's refusal to stipulate**. Prior to removal, Plaintiff refused BEST INN MIDWEST, LLC's request to stipulate that the amount in controversy, including attorney's fees, would not exceed $75,000. Plaintiff's "refusal to admit that the combination of these recoveries would not exceed $75,000 raise[s] the reasonable inference that it would." See Oshana, 472 F.3d at 512. .

12. **Cumulative stakes**. Based on the foregoing, "it does not appear to a legal certainty that the amount in controversy is less than the jurisdictional threshold." See R.R. Street & Co., Inc. v. Vulcan Materials Co., 569 F.3d 711, 717 n.8 (7th Cir. 2009).

## STATUTORY NOTICE

13. As required by 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, a true and accurate copy of thereof is being filed with the Clerk of the Marion County Superior Court, State of Indiana, and written notice thereof is being sent to Plaintiff's counsel.

14. Nothing in this Notice of Removal should be construed as an admission or acknowledgement of liability or that Plaintiff is entitled to any damages, attorney's fees or equitable relief. By filing this Notice, BEST INN MIDWEST, LLC does not waive any available defenses.

## CONCLUSION

15. Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(c).

**WHEREFORE**, Defendant BEST INN MIDWEST, LLC, respectfully requests that the action now pending in Marion County Superior Court, State of Indiana, be removed to this Court for all further proceedings.

Dated: April 19, 2020                                                    Respectfully submitted,

                                                                    */s/Jonathan P. Sturgill*_____
                                                                    Jonathan P. Sturgill,
                                                                    Attorney No.22773-49
                                                                    Sturgill Law Firm.
                                                                    5018 Quail Ridge Lane
                                                                    Indianapolis, IN  46254
                                                                    (317)201-3292
                                                                    jonnysterg@msn.com
                                                                    Attorneys for Defendant


## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 22, 2020, a copy of the foregoing Notice was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.


Joseph M Dietz*#466449,*

251 East Ohio Street
Suite 830
Indianapolis, IN 46204


                                                                    */s/Jonathan P. Sturgill*
                                                                    Jonathan P. Sturgill


Jonathan P. Sturgill
5018 Quail Ridge Lane
Indianapolis, Indiana 46254
317-201-3292
jonnysterg@msn.com