**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| THE OHIO SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-CV-01223-RLY-DML |
| | ) | |
| BEST INN MIDWEST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROPOSED CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

      A.     The Ohio Security Insurance Company

              Attorney Joseph M. Dietz
              251 E. Ohio Street, Suite 830
              Indianapolis, IN 46204
              PH: (317)637-1383
              josephdietz@gmail.com

      B.     Best Inn Midwest, LLC

              Attorney Jonathan P. Sturgill
              5018 Quail Ridge Lane
              Indianapolis, IN 46254
              PH: (317)201-3292
              jonnysterg@msn.com

              Attorney Craig Edward Kennedy
              16420 SE McGillivray Blvd
              Suite 103
              Vancouver, WA 98683
              PH: (360)609-6523
              kennedyced@gmail.com

      Counsel shall promptly file a notice with the Clerk if there is any change in this
information.

## II.   Jurisdiction and Statement of Claims

A.    The Court ruled on June 10, 2020 Doc. #22 denying the motions to dismiss filed by The Ohio Security Insurance Company and ordering the parties to file a supplemental statement of jurisdiction stipulation which was so submitted to the Court simultaneously with this Proposed Case Management Plan.

B.    Best Inn Midwest, LLC as named insured under its policy with Ohio Security was denied three claims alleging losses occurred on August 1, 2019, August 23, 2019 and September 19, 2019 involving a water leak in the hotel, some metal had been removed from the roof, some televisions and refrigerators were stolen, and some copper had been removed from the walls and ceiling of the restaurant and main lobby as well as other issues.  Among other grounds these overlapping claims were denied because Inspection of the hotel on August 6, 2019 and on September 25, 2019 indicated that the alleged losses involved heavy wear, tear, and deterioration of the hotel structure which was not a covered cause of loss under the insurance contract.  Also, the inspections revealed no evidence of forced entry or theft at the hotel but again serious evidence of neglect of maintenance and the upkeep of the structure of the hotel existed.

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Plaintiff Ohio Security contends Indiana law applies to determine the questions raised in its Complaint for Declaratory Judgment regarding the three insurance claims in issue.

C.    Defendant counter claims that not only were there breaches of the insurance contract by the company and/or its agents damaging the Defendant, but that the actions of Ohio, by and/or through its agents violated: 1) the insurance laws of Washington State, specifically under the Insurance Fair Conduct Act (IFCA) and the Unfair Claims Handling Regulations (The WACs) where the policy was underwritten, 2) that the company and its agents have engaged in Bad Faith, to wit: that there were reports of heavy weather damage, vandalism, employee theft and criminal damage including police reports and disclosure by Defendant's agents to Ohio;  3) that the company and/or its agents have engaged in Intentional Discrimination by its acts directed against the Defendant thereby denying coverage and 4) Constructive Fraud.

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Counter-Plaintiff Best Inn Midwest contends Washington State law applies to determine the questions raised in the complaint and counter-claims regarding the three insurance claims at issue: Specifically, that the choice of Washington State law was timely raised and that adequate notice was given to Counter-Defendant as required under FRCP 44.1 in the counter-claim pleading itself. That since advance notice of suit was given to Plaintiff in the IFCA Notice that the suit was to be filed in Washington State Superior Court under the Washington IFCA, that simply racing to the Marion County Superior Court does not defeat Washington's substantive

2

*Revision Date:  September 7, 2018*

law's right to determine the outcome of the issues in this case, including those that pertain to declaratory relief.

### III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 24, 2020.

B.   Plaintiff shall file preliminary witness and exhibit lists on or before September 1, 2020.

C.   Defendant shall file preliminary witness and exhibit lists on or before September 15, 2020.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or September 23, 2020.

Sec. III E.  The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd uscourts.gov*. There is no need to follow the email with a hard copy.

E.   Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before September 23, 2020.  Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 23, 2021.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 23, 2021; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before May 23, 2021.

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before July 23, 2021.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such

3

objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before June 23, 2021.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4

## IV.   Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

B.   On or before _____ [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

*Revision Date:  September 7, 2018*

suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

  XX   Track 2: Dispositive motions are expected and shall be filed by June 23, 2021; non-expert witness discovery and discovery relating to liability issues shall be completed by February 23, 2021; expert witness discovery and discovery relating to damages shall be completed by July 23, 2021. All remaining discovery shall be completed by no later than 16 months from Anchor Date.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

        Track 3: Dispositive motions shall be filed by         [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by         ; expert witness discovery shall be completed by         . [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.**   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in December 2020.**

**VI.**   **Trial Date**

The parties request a trial date in October 2021.  The trial is by Court and is anticipated to take Five days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**   **Referral to Magistrate Judge**

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for

6

all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

*Revision Date:  September 7, 2018*

      b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

The Court is advised that Defendant's Initial Preliminary CMP is also on record. That while this plan is a compromise, the Court may refer to that filing for additional information about the parties, about additional requests and additional issues and when appropriate incorporate that information within this plan.

*Revision Date:  September 7, 2018*

Plaintiff,                                                      Defendant,

*/s/Joseph M. Dietz*                                           */s/ Craig E. Kennedy*
Attorney for The Ohio Security                                 Jonathan P. Sturgill
Insurance Company                                              Attorney for Best Inn
                                                               Midwest, LLC

*Revision Date:  September 7, 2018*

x
_____                PARTIES APPEARED BY COUNSEL ON **June 19, 2020**, FOR
                          AN INITIAL PRETRIAL CONFERENCE. APPROVED AS
_____                SUBMITTED.

x
_____                 APPROVED AS AMENDED.

_____                 APPROVED AS AMENDED PER SEPARATE ORDER.

_____                APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
                          SHORTENED/LENGTHENED BY                MONTHS.

_____                APPROVED, BUT THE DEADLINES SET IN SECTION(S)
                          _____ OF THE PLAN IS/ARE
                          SHORTENED/LENGTHENED BY                MONTHS.

_____                THIS MATTER IS SET FOR TRIAL BY _____ ON
                          _____ . FINAL PRETRIAL
                          CONFERENCE IS SCHEDULED FOR
                          _____AT _____ .M.,
                          ROOM                    .

_____                 A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE
                           FOR_____ AT _____ .M. COUNSEL SHALL
                           APPEAR:

                           _____ IN PERSON IN ROOM_____ ; OR

                           _____BY TELEPHONE, WITH COUNSEL FOR
                          INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING
                          THE COURT JUDGE AT ( ____ ) _____ ; OR

                           _____BY TELEPHONE, WITH COUNSEL CALLING THE
                          JUDGE'S STAFF AT ( ____ ) _____ .

x
_____                DISPOSITIVE MOTIONS SHALL BE FILED BY **June 23, 2021.**

x
_____                 NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL
                           BE COMPLETED BY  **February 23, 2021.**

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 11/10/2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

11

*Revision Date:  September 7, 2018*