UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE OHIO SECURITY INSURANCE COMPANY,     ) | |
| ) | |
| *Plaintiff / Counter Defendant*,     ) | |
| ) | |
| vs.     ) | |
| )     1:20-cv-1223-RLY-MG | |
| BEST INN MIDWEST, LLC,     ) | |
| ) | |
| *Defendant / Counter Claimant*.     ) | |

## REPORT AND RECOMMENDATION

After the owner of an Indianapolis hotel made various claims for coverage under an insurance policy, Plaintiff The Ohio Security Insurance Company ("Ohio Security") initiated this declaratory action in March 2020 against the hotel's owner, Defendant Best Inn Midwest, LLC ("Best Inn"), seeking declarations regarding Ohio Security's coverage obligations (or lack thereof) under the policy.  [*See* Filing No. 1-2.]  Pending before the Court is Ohio Security's Motion for Sanctions, [Filing No. 51], regarding Best Inn's failures to provide certain discovery, which is now ripe for the undersigned's report and recommendation.  *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868 (7th Cir. 1996).

## I.
## BACKGROUND

Best Inn owns and operates a hotel on the south side of Indianapolis.  According to the Second Amended Complaint, Best Inn acquired the hotel in 2010.  [Filing No. 72 at 2.]  Ohio Security alleges that over the years, the City of Indianapolis (the "City") has initiated numerous civil actions against Best Inn relating to the operation of the hotel, including for maintaining a nuisance, operating without a city hotel license, health code violations, and other public safety concerns.  [*See* Filing No. 72 at 3.]  Ohio Security alleges that the City ordered Best Inn to cease

all hotel operations from May 2014 until May 2017 when Best Inn entered an agreed judgment with the City that allowed the hotel to reopen under certain conditions, including that the hotel could only rent 60 rooms in the entire 150-room facility for public lodging.  [Filing No. 72 at 3-4.]  On July 31, 2019 the Marion County Health Department declared the hotel unfit for human habitation and ordered it evacuated, and in September 2019, the City revoked Best Inn's license to operate a hotel.  [Filing No. 72 at 5-7.]

Best Inn initially acquired insurance through Ohio Security in late 2017.  [Filing No. 72 at 4.]  Ohio Security alleges that Best Inn did not inform it of the agreed judgment with the City.  [Filing No. 72 at 4-5.]  Relevant here, Ohio Security insured Best Inn under a commercial property policy with effective dates of December 20, 2018 through December 20, 2019, which covered certain damage and theft at the hotel (the "Policy").  [*See* Filing No. 5 at 130-207.]  The Policy limits coverage for certain losses when the hotel is deemed "vacant" for 60 consecutive days.  [Filing No. 51-3.]  Under the Policy, a building is "vacant" "unless at least 31% of its total square footage is: (i) [r]ented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or (ii) [u]sed by the building owner to conduct customary operations."  [Filing No. 51-3.]

According to Ohio Security, in 2019, Best Inn made thirteen claims under the Policy, and an additional claim in 2020.  [Filing No. 72 at 11-24.]  The claims cover a variety of alleged theft and damage that occurred at the hotel, including damages caused by a leaking roof, leaking water lines (including leaks caused by the theft of copper pipes), and vandals, as wells numerous thefts by employees and intruders.  [Filing No. 72 at 11-24.]

Ohio Security filed a declaratory action in March 2020 regarding coverage of certain claims by Best Inn under the Policy.  [*See* Filing No. 1-2.]  Ohio Security served Fed. R. Civ. P. 34

document requests on Best Inn in April 2020 (and re-served them on June 16, 2020), seeking, among other documents, the hotel's guest registers and guest records for January 1, 2019 through December 31, 2019 "and any other records indicating the number of rooms rented at the hotel during this time period." [Filing No. 51-1 at 2.] Ohio Security also requested payroll, employee attendance, and revenue records for 2019, as well as tax returns and profit and loss statements for 2019 and prior years. [Filing No. 51-1 at 1-4.] Notably, Ohio Security had sought similar information as early as January 30, 2020 to evaluate Best Inn's numerous claims for coverage. [Filing No. 57-1.]

After Best Inn neglected to respond to Ohio Security's document requests, Best Inn sought and obtained an Order from the Court compelling Best Inn to respond to the requests by no later than November 24, 2020. [Filing No. 44.] Following an agreement between the parties, the Court then entered an Order extending the deadline for Best Inn to respond to December 31, 2020. [Filing No. 50 at 3-4.] The relevant section of that Order provides as follows:

> b.) Best Inn Midwest, LLC shall provide Ohio Security on or before December 31, 2020 the following additional discovery responses:
>
> (i) Responses to Ohio Security's requests for production served on April 17, 2020; and
>
> (ii) For the years 2018 and 2019, copies of Best Inn Midwest's monthly sales tax return record and evidence of payments thereof and monthly county innkeepers return records and evidence of payments and of [sic] these records are incomplete or not tendered to Ohio Security on or before December 31, 2020, Best Inn Midwest shall complete and execute and return on December 31, 2020 to counsel for Ohio Security the Indiana Department of Revenue Power of Attorney forms which were tendered to Best Inn Midwest so that Ohio Security can obtain these records.

[Filing No. 50 at 3-4.]

When Best Inn failed to adhere to that deadline, Ohio Security filed the instant Motion for Sanctions on January 12, 2021. [Filing No. 51.] In its Motion for Sanctions, Ohio Security asks

the Court to sanction Best Inn for its discovery failures by issuing an order "that establishes the Best Inn Midwest, LLC shall be deemed 'vacant' as that term is used in the [P]olicy for the calendar year 2019." [Filing No. 51 at 5.]  On February 2, 2021, Best Inn's owner and sole member, Ashok C. Reddy, filed a "*pro se*" Response[1] to Ohio Security's Motion for Sanctions.  [Filing No. 55.] Around the same time Mr. Reddy filed this Response, Best Inn's then-attorneys withdrew.  [Filing No. 56; Filing No. 68.]  Best Inn's current counsel entered his appearance after completion of briefing on the Motion for Sanctions.  [Filing No. 63.]

## II.
### DISCUSSION

Ohio Security argues that sanctions are appropriate because Best Inn has "willfully ignore[d] two court orders to produce documents which would shed light on the number of guests staying at the hotel in 2019 and whether the hotel was 'vacant.'"  [Filing No. 52 at 1.]  It says that Best Inn has not provided occupancy information, even though Ind. Code § 16-41-29-1 requires hotels to keep a register of names and addresses of hotel guests.  [Filing No. 52 at 1.]  Ohio Security notes that not only has Best Inn not produced occupancy documents, but it has also failed to provide any written response to the discovery requests at all.  [Filing No. 51 at 2.]

Mr. Reddy responds—ostensibly on behalf of Best Inn—that Best Inn produced 2,500 pages of discovery and provided "some specific answers" to the document requests on November 24, 2020.  [Filing No. 55 at 1.]  Mr. Reddy further states that "[t]he financial nature of the some of

---

[1] Companies like Best Inn are not permitted to represent themselves *pro se* in federal court. *United States v. Alacran Contracting, LLC*, 2015 WL 7753069, at *1 (N.D. Ill. Dec. 2, 2015) ("Neither a limited liability company nor a corporation may appear pro se in federal court.").  *See also United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) ("There are many small corporations and corporation substitutes such as limited liability companies.  But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.").

the discovery requests in conjunction with multiple fires and vandalism (at the closed hotel during

2019-2020, COVID-19 related warnings not to travel from Washington state [where Mr. Reddy

lives] to Indiana, and [Best Inn's] reduced income situation related to COVID-19 outside of this

closed property have interfered with the timeliness of document production." [Filing No. 55 at 1.]

Mr. Reddy repeats this statement throughout his Response.  [Filing No. 55 at 1-2.]  He further

represents that "[Best Inn] is definitely working to comply" with the orders compelling discovery

and that he reevaluated the outstanding requests and "sent such responses" to Ohio Security on

February 1, 2021—*i.e.*, the day prior to filing his Response to the Motion for Sanctions.  [Filing

No. 55 at 1.]  He also represents that the requested power-of-attorney form "will be sent to [Ohio

Security] no later than February 3, 2021." [Filing No. 55 at 2.]  He "strongly asserts that at the

time of the insurance claims, [Best Inn] used more than 31% of the hotel's total square footage to

conduct customary operations" and cites to an affidavit that does not appear to be attached to his

filed Response.  [Filing No. 55 at 3.]  Mr. Reddy also contends that the Marion County Health

Department "dropped all charges" against Best Inn on November 12, 2019.  [Filing No. 55 at 3.]

Finally, Mr. Reddy says that the additional responses to the discovery requests that he sent the day

before filing his Response to the Motion for Sanctions satisfied the order compelling production

and that the requested sanction—that the hotel be deemed "vacant" during 2019—is "too extreme"

for the delay in compliance.  [Filing No. 55 at 4.]  Attached to Mr. Reddy's filing are responses to

Ohio Security's document requests, [Filing No. 55-2], but the responses do not indicate when they

were completed or who is submitting the responses.  Notably, in response to the request for hotel

guest registers for 2019, the document states as follows:

> The hotel guest registers and records have been severely damaged or burned due to
> multiple fires that occurred in 2020 and vandalism in 2019 and 2020.
> Consequently, they are not available at the current time.  We will continue to search,

and we may be able to find some photographs of the registers for certain days sent electronically to a phone or by email.

[Filing No. 55-2 at 3.]  The same or similar response referencing fires and vandalism is provided for requests for employment and financial records.  [*See* Filing No. 55-2 at 3-4.]  Mr. Reddy also attached a 2017 Indiana Non-Resident Individual Income Tax Return.  [Filing No. 55-4.]

Ohio Security replies that Mr. Reddy's Response should be stricken because the deadline for responding to the Motion for Sanctions was January 26, 2021, and Mr. Reddy's response was not filed until February 2, 2021.  [Filing No. 57 at 1.]  Setting timing aside, Ohio Security responds by noting that it has been requesting occupancy information continually since January 30, 2020, [Filing No. 57 at 2], and contends that "[t]he idea that Mr. Reddy has no financial records, no guest records, and no information on the occupancy of the hotel is on its face incredible," [Filing No. 57 at 3].  It challenges Mr. Reddy's claim of fire and vandalism destruction, arguing that what "[Mr.] Reddy did and said up until now contradicts the assertion that everything has been severely damaged or burned" and says that the discovery responses that Mr. Reddy attached to his filing represents a "pattern of evasion."  [Filing No. 57 at 3.]  Ohio Security points to an affidavit by Mr. Reddy, submitted to the Court in connection with briefing on the appropriate choice of law, where Mr. Reddy said that financial records were kept and administered through his bank in the State of Washington, as opposed to being physically kept at the hotel where they could be burned in a fire in 2020.  [Filing No. 57 at 4-5.]  Ohio Security further asserts that "[t]here was no fire in 2020 that consumed this 150 room hotel," rather "[t]here was a fire in rooms 230, 232, and 234 on January 17, 2020 for which Best Inn made a claim upon a subsequent insurance company."  [Filing No. 57 at 5.]  Ohio Security asserts that Mr. Reddy and Best Inn are intentionally thwarting efforts to obtain occupancy numbers because that information will reveal that the hotel was "vacant" within the meaning of the Policy.  [Filing No. 57 at 7-8.]

**A.      Request to Strike Mr. Reddy's Response as Untimely**

Under Local Rule 7-1(c)(3), Best Inn's response to Ohio Security's Motion was due January 26, 2021.  Mr. Reddy filed a Response on February 2, 2021—seven days after the deadline.  [Filing No. 55.]  The Court declines to exercise its discretion to strike the Response for reasons of untimeliness.  *See Patterson v. Indianapolis Star*, 2005 WL 2373830, at *1 n.1 (S.D. Ind. Sept. 27, 2005) (declining to strike reply brief filed a week after the deadline because the opposing party "had not been prejudiced in any way and the delay in this situation has caused no difficulty for the Court").  However, the Court's leniency in this instance should not be misinterpreted as an invitation to disregard future deadlines.  *See id.*  The Court has reviewed the Response, but, as discussed more thoroughly below, finds it of limited utility because the document was not signed by an attorney and Best Inn, as a limited liability company, is not permitted to appear *pro se* in these proceedings.  *See Alacran Contracting, LLC*, 2015 WL 7753069, at *1.

**B.      The Alleged Destruction of the Occupancy Records**

Mr. Reddy offers nothing more than unsworn, unverified, conclusory assertions—not even subject to the strictures that an attorney's signature provides—that the occupancy records were destroyed in a fire or by vandals.  [*See* Filing No. 55-2.]  Such statements do not provide a basis for the Court to determine that sanctions are inappropriate.  *See Harrington v. Duszak*, 971 F.3d 739, 741 (7th Cir. 2020) (holding that district court did not abuse its discretion in declining to issue discovery sanctions based on information from an unverified website).  Even assuming the records no longer exist, Best Inn began filing the claims at issue in 2019 and should have known that such records would be necessary to assess its claims, and Best Inn had a duty under Indiana law to

maintain such records.[2] The destruction of the records may be the subject of a future spoliation inference. *See Charter Oak Fire Ins. Co. v. FSSI, Inc.*, 2019 WL 3315169, at *4 (S.D. Ind. July 24, 2019)* ("The party raising a claim of spoliation bears the burden of proving that 1) there was a duty to preserve the evidence, and 2) the alleged spoliator either negligently or intentionally destroyed, mutilated, altered, or concealed the evidence.") (quoting *Popovich v. Ind. Dep't of State Revenue*, 17 N.E.3d 405, 410 (Ind. Tax Ct. 2014)).

## C. Sanction Request

Left without credible evidence that the occupancy records have been destroyed, the Court turns to Ohio Security's sanction request that the hotel be deemed "vacant" under the Policy for calendar year 2019.

If a party fails to comply with a court's discovery order, a court may sanction the offending party by, among other punishments, "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action." *Fed. R. Civ. P. 37(b)(2)(A)(i)*. This provision grants district courts "wide latitude in fashioning appropriate sanctions." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quoting *Johnson v. Kakyand*, 192 F.3d 656, 661 (7th Cir. 1999)). Furthermore, a court should not consider a sanction "in isolation," but rather "in light of 'the entire procedural history of the case.'" *Id.* (quoting *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000)).

The Court is troubled by Best Inn's abject failure to respond in any fashion to Ohio Security's document request concerning the hotel's 2019 occupancy, even in the face of two orders

---

[2] This provision provides that "[t]he owner, operator, manager, superintendent, or person in charge of the following establishments shall keep a register, entry book, or card filing system containing the names and addresses, including street number, city or town, and state, of every individual occupying any part of the premises and containing the dates and times occupied: (1) Hotel … (7) Motel. *Ind. Code §§ 16-14-29-1(1)*, (7).

compelling the hotel to respond.  When Mr. Reddy finally offered a response in connection with responding to Ohio Security's Motion for Sanctions, he claimed that records had been destroyed by a fire and offered no explanation is to why the potential spoliation of critical evidence was not raised sooner.  Such an about-face raises the specter that Best Inn has not been engaging in the discovery process in good faith.  *See e360 Insight*, 658 F.3d at 643 ("Even setting aside e360's previous discovery delays, these changes provided powerful evidence that e360 was not engaging in the discovery process in good faith.").

Best Inn's refusal to provide documents or timely information about the availability of its occupancy records has thwarted Ohio Security's ability to assess whether the hotel was vacant at the time the claims occurred.  Furthermore, Best Inn has provided no legitimate basis for the delay in providing such information.  Thus, undersigned recommends that a reasonable sanction is for the Court to deem the hotel "vacant" as that term is used in the Policy for the period of January 1, 2019 through December 20, 2019, when the Policy terminated.

### III.
#### CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** the Court **GRANT** Plaintiff Ohio Security's Motion for Sanctions, [51], and deem the hotel "vacant" under the Policy for the period of January 1, 2019 through December 20, 2019.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  5/28/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record</u>**