UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE OHIO SECURITY INSURANCE,              ) <br> ) <br> Plaintiff,        ) <br> ) <br> v.                                 ) <br> ) <br> BEST INN MIDWEST LLC,                      ) <br> ) <br> Defendant.      ) <br> _____) <br> ) <br> BEST INN MIDWEST LLC,                      ) <br> ) <br> Counter Claimant,  ) <br> ) <br> v.                                 ) <br> ) <br> THE OHIO SECURITY INSURANCE,              ) <br> ) <br> Counter Defendant. ) | No. 1:20-cv-01223-RLY-MG |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

This is an insurance coverage dispute. Before the court are the Magistrate Judge's Report and Recommendation on Ohio Security Insurance Company's motion for sanctions and Best Inn Midwest, LLC's corresponding objections. For reasons that follow, the court **OVERRULES** Best Inn's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.     Background**

Best Inn owns a troubled hotel on the south side of Indianapolis. (The hotel is also called "Best Inn", but the court simply refers to it as the "hotel" to avoid confusion with

1

Plaintiff's name). Things hit rock bottom for the hotel in 2019: a leaking roof; water damage from broken pipes, stolen copper pipes, and a series of break-ins that resulted in additional damage. The year was so bad that the Marion County (Indianapolis) Health Department declared the hotel unfit for human habitation in July and revoked Best Inn's license to operate the hotel in September.

The hotel was insured in 2019 under several policies issued by Ohio Security, a subsidiary of Liberty Mutual. (*See* Filing No. 5, Submission of State Court Record at 22 – 220). Best Inn submitted a number of claims to Ohio Security for the 2019 damage to the hotel. Ohio Security denied those claims and then filed this declaratory judgment action.

Discovery violations, however, have derailed this case. To understand the nature of those violations, it is first important to understand a critical issue in this case: "vacancy".

Ohio Security's policy (the "Policy"), (Filing No. 5 at 130 – 207), limits coverage for certain losses when the hotel is deemed "vacant" for sixty consecutive days. (*See* Filing No. 51-3). Under the Policy, a building is deemed "vacant" unless at least thirty-one percent of its total square footage is rented or used by the building in its customary operations. (*Id.*). For that determination, it is helpful—indeed necessary—to see the hotel's guest registers and records; payroll records; employee records; and revenue records. Indiana law even requires lodging facilities maintain guest records. *See* Ind. Code § 16-41-29-1.

Despite repeated requests from Ohio Security, a long telephonic status conference between the parties, a status conference with the magistrate judge, and two court orders directing Best Inn to produce those records, Best Inn never disclosed them. The only thing Best Inn disclosed was Innkeeper tax records which show the hotel's monthly total receipts. The rest of the records were destroyed from water damage. (Filing No. 83-11, Declaration of Adam Dietz ¶ 6). This resulted in Ohio Security filing a motion for sanctions.

On May 28, 2021, the Magistrate Judge recommended this court grant Ohio Security's Motion and declare the hotel "vacant" for the period of January 1, 2019 to December 20, 2019. The Magistrate Judge found Best Inn failed to comply with multiple discovery requests and court orders and that Best Inn offered no explanation for these failures. (Filing No. 77, Report and Recommendation at 8 – 9).

Best Inn now objects to those conclusions.

## II.    Legal Standard

District judges may designate any pre-trial matter to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b); *see Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The magistrate judge's undisputed findings are reviewed for clear error, *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); the contested findings are reviewed *de novo*. *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez,* 725 F.3d at 662. "The district judge makes the ultimate

decision to adopt, reject, or modify the magistrate judge's recommendation." *Left Field Media LLC v. City of Chicago*, 137 F.Supp.3d 1127, 1133 (N.D. Ill. 2015).

### III. Discussion

The court first pauses to discuss the odd procedural posture of this motion and report and recommendation. Ohio Security filed its motion for sanctions. Ashok Reddy, Best Inn's sole member, then filed a *pro se* response to that motion, even though Best Inn was still represented by counsel, and, of course, LLCs cannot be represented by non-lawyers. *See United States v. Hagerman*, 545 F.3d 579, 581 – 82 (7th Cir. 2008). The Magistrate Judge declined to strike the Response but also did not find it helpful. (Report and Recommendation at 7). The Magistrate Judge then ruled against Best Inn.

Now represented by different counsel, Best Inn objects to the Report and Recommendation. Best Inn raises new arguments and presents new evidence that were not previously considered by the magistrate judge. Although the usual course would be to strike any new arguments or evidence not previously presented, *see United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000), the court considers these arguments given that Reddy and previous counsel had a deteriorating relationship. *See Mendez*, 725 F.3d at 661 ("The district judge is free, and encouraged, to consider all available information about the case when [reviewing a report and recommendation].").

Turning to the merits, Rule 37 authorizes districts courts to issue sanctions for noncompliance with discovery requests and court orders. *See* Fed. R. Civ. P. 37. District courts also have inherent authority to sanction a party for dilatory tactics. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also Salmeron v.*

*Enterprise Recovery Syst., Inc.*, 579 F.3d 787, 796 – 98 (7th Cir. 2009).  When a party disobeys a discovery order, a court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action . . . ."  Fed. R. Civ. P. 37(b)(2)(A)(i).  District courts have wide discretion when fashioning a sanctions remedy.  *See Salmeron*, 579 F.3d at 793.

The court agrees with the Magistrate Judge that sanctions are appropriate.  The record here demonstrates Best Inn utterly failed to disclose and/or preserve critical records in this case. The record further shows Reddy was well aware of Best Inn's discovery obligations:

> 1. Counsel for Ohio Security wrote Reddy a letter on January 30, 2020 asking him to produce Best Inn's records.  (Filing No. 57-1).
>
> 2. Counsel for Ohio Security wrote Reddy another letter on March 7, 2020 asking him again to produce the records.  (Filing No. 57-2).
>
> 3. Counsel for Ohio Security e-mailed Reddy on May 19, 2020 again asking for the records.  (Filing No. 83-7).
>
> 4. Counsel for Ohio Security, Best Inn's counsel, and Reddy had an extensive telephonic status conference on June 16, 2020.  Reddy participated in the conference and was also a part of the subsequent e-mail correspondence. (Filing Nos. 83-4, 83-5, 83-11).
>
> 5. Counsel for Ohio Security, Best Inn's counsel, and Reddy met with the Magistrate Judge on June 19, 2020 and discussed the case, including Best Inn's discovery obligations.  (*See* Filing No. 83-11).
>
> 6. Counsel for Ohio Security e-mailed Reddy on July 2, 2020 asking him for Best Inn's records.  (Filing No. 83-9).
>
> 7. Counsel for Ohio Security again contacted Reddy on July 27, 2020 asking him for Best Inn's records.  (Filing No. 83-10).

Not only did Best Inn fail to respond to Ohio Security's requests, but it also failed to respond to this court's orders directing it to disclose the records. (Filing No. 44, Order Granting Motion to Compel; Filing No. 50 Order Granting Motion to Amend the Case Management Plan). By the time Best Inn granted Ohio Security access to the building in January 2021, the hotel was in shambles and the records had been destroyed. (*See* Dietz Dec. ¶ 6; *see also* Filing No. 83-12, Photos of Hotel). This is clear grounds for sanctions.

      The court also agrees with the Magistrate Judge that the proper remedy is to find the hotel "vacant" as the term is used in the Policy for the period of January 1, 2019 through December 20, 2019. First, a monetary sanction and a spoilation instruction (should this make it to a jury) would not account for the egregiousness of the violations. A lesser sanction would also severely hamstring Ohio Security because Ohio Security would be left to prove "vacancy" with little to no evidence. Second, Best Inn's conduct amounts to bad faith. Best Inn engaged in dilatory tactics by failing to respond to any of Ohio Security's requests; ignoring two court orders; and waiting a full year until it granted Ohio Security access to the hotel. What's more, Reddy has told this court different stories about the existence and location of the records. (*See* Filing No. 79, Declaration of Ashok Reddy at 2 – 3) (explaining dishonest staff had stolen the records); (*id.* at 4) (explaining the records were destroyed in a fire). Although this is a strong sanction, Best Inn's tactics severely prejudiced Ohio Security and wasted much of this court's time. Finding the hotel "vacant" is an appropriate sanction. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) ("The district court

may dismiss a case for discovery violations or bad faith conduct in litigation under [Rule 37] or under the inherent authority of the district court.") (citations omitted).

Best Inn contends the fault lies with its previous attorney who encouraged Best Inn to delay and hold out. But it is well-established that litigants are bound by the acts of their attorneys. *Choice Hotels Intern., Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015); *see also Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). And Reddy actively participated in this litigation (including direct correspondence with Ohio Security), so he cannot merely blame his attorney.

The rest of Best Inn's arguments either contend it is not at fault (which the record belies) or argue whether the hotel was "vacant" (which is a merits question). The court therefore rejects these arguments.

### IV.   Conclusion

For those reasons, Best Inn's Objections (Filing No. 78) are **OVERRULED**. The Report and Recommendation (Filing No. 77) is **ADOPTED** and Ohio Security's Motion for Sanctions (Filing No. 51) is **GRANTED**. The court deems the hotel "vacant" under the Policy for the period of January 1, 2019 through December 20, 2019. The parties shall confer and file a joint status update as to this case within **21 days** of this order.

**SO ORDERED** this 16th day of August 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.