**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| THE OHIO SECURITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:20-CV-01223-RLY-DML |
| ) | |
| BEST INN MIDWEST, LLC, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED SECOND AMENDED CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

    A.    The Ohio Security Insurance Company

        Attorney Joseph M. Dietz
        251 E. Ohio Street, Suite 830
        Indianapolis, IN 46204
        PH: (317)637-1383
        josephdietz@gmail.com

    B.    Best Inn Midwest, LLC

        Frank S. Homsher
        510 Bell St.
        Edmonds, WA 98020
        PH: (425)320-9628
        frank@homsherlawgroup.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.   Jurisdiction and Statement of Claims**

    **JURISDICTION**

    A.    The Court ruled on June 10, 2020 Doc. #22 denying the motions to dismiss filed by The Ohio Security Insurance Company and ordering the parties to file a supplemental statement of jurisdiction stipulation which was so submitted to the Court simultaneously with this Proposed Case Management Plan.

## CHOICE OF LAW

B.      On March 15, 2021, the Court decided Indiana law applies to this case. (See: Doc. #62 - Entry on Motion for Determination of Applicable State Law).

## SANCTIONS ORDER DEEMS HOTEL VACANT

C.      On August 16, 2021, this Court adopted the Report and Recommendation of the Magistrate Judge concerning the entry of sanctions against Best Inn holding "The Court deems the hotel vacant under the Policy for the period of January 1, 2019 through December 20, 2019." (See: Doc. #91 - Entry Adopting Report and Recommendation at p.7).

## TWO CLAIMS BY BEST INN REMAIN FOR RESOLUTION

D.      As stated in the Parties Joint Status Report filed on September 7, 2021 (Doc. #96 at p.1), "The sole claim before the Court is whether Ohio Security engaged in Bad Faith when it denied Best Inn's claim regarding rooftop air conditioner vandalism in 2019 and whether it engaged in further bad faith during these proceedings when it did not pay Best Inn's rooftop vandalism claim (during these proceedings) prior to the Court's ruling August 16, 2021 order."

E.      A second claim which has arisen due to the "Occupancy" argument asserted by Ohio Security at the Motion for Sanctions hearing where Ohio Security argued that guest occupancy of each building was how occupancy was determined under the insurance contract. The Magistrate adopted this analysis when determining the importance of the lost paperwork stored at the Best Inn front desk which related to occupancy. Since the Magistrate has adopted Ohio Securities' standard, it has exposed the fact that Building A has no guest room and therefore could never have qualified for coverage under the executed insurance contract. This is a hidden benefit to Ohio Security that existed at the time the contract was presented and signed and only Ohio Security knew about. Best Inn asserts that this hidden benefit was posited in the insurance agreement in bad faith so that Best Inn would never be covered for Building A. Best Inn is entitled to bad faith damages and consequential damages for Ohio Security's deceptive act.

## BEST INN'S POSITION ON THE TWO REMAINING CLAIMS

F.      BEST INN will prove that Eric Doyle and OHIO SECURITY denied BEST INN's rooftop air conditioner claim either willfully or through gross negligence in 2019 and then again during this litigation. It is BEST INN's position that OHIO SECURITY had a duty to pay its claim at the moment it learned that Eric Doyle had made a mistake:

> With regard to claims 23592598 and 23586875, it was learned that Eric Doyle was in error in concluding that the damage to the banquet room

2

    area in the mainbuilding was primarily from the leaking roof and that the damage was nothing new. It was also learned that the Samcro Roofing Company had entered into a contract with Best Inn to work on the roof of Building(A). <u>It was discovered that there was actually vandalism to the rooftop A/C units onBuilding(A) which occurred before Samcro commenced the roofing repairs.</u>

  Interrogatory No. 30, Defendant's Second Set of Interrogatories and Requests for Production.

  G. Best Inn will prove that Ohio Security presented Best Inn with a contract which it knew would never cover any claims for Building A, which suffered substantial vandalism to its air conditions which was a act of bad faith.

### **OHIO SECURITY'S POSITION ON THE TWO REMAINING CLAIMS**

  H. As to Best Inn's Claim One, there was no coverage of the rooftop air conditioners which would obligate payment of a vandalism claim because the hotel was vacant during the relevant period in 2019. Therefore there was no unfounded refusal or delay to pay policy proceeds, nor was the insured deceived or subjected to unfair advantage and pressure to settle a claim. Eric Doyle's mistake in observing the roof vandalism does not amount to a state of mind reflecting a dishonest purpose, moral obliquity, or ill will. The lack of a diligent investigation does not alone constitute bad faith. When the mistake was realized no payment could be made in any event because there was no coverage as the hotel was vacant. Eric Doyle's failure to note the damage to the rooftop air conditioners was immaterial to the ultimate outcome of the claim.

  I. As to Best Inn's second Claim remaining, the vacancy clause is relevant part provides:

> ***(b)***  *When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:*
>
>   \*\*\*\*\*\*\*\*\*\*
>
> ***(ii)***  *Used by the building owner to conduct customary operations.*

  For several years prior to the claims in this matter less than 31% of Building (A) was being used to conduct the customary operations of a hotel. Mr. Reddy testified that the restaurant space had not been used since 2013 or 2014 (Reddy Depo., p.45). He testified that the dining room area was used as a church meeting space, but had not been used since 2017 (Reddy Depo., p.47). Mr. Reddy also testified that while items were stored in the conference room areas, they were not utilized as conference rooms in 2018 or 2019 (Reddy Depo., pp.48-49).

  J.  As to both remaining claims, no tort of bad faith occurred.  No right to recover exists under the insurance contract due to the vacancy clause and therefore tort damages are likewise precluded.  No right to recover exists because by Court order the hotel is to deemed vacant for all of 2019 and this conclusion bars the payment of policy proceeds.

## III. Pretrial Pleadings and Disclosures

Paragraphs (A) through (G) and (K) of the parties last Case Management Plan have been fulfilled and are no longer relevant in this matter. (See: Doc. #50 - Proposed Case Management Plan approved December 17, 2020 at Page ID 541-543).

  K.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 15, 2022**.

  L.  If necessary, all parties shall update and supplement their preliminary witness and exhibit lists on or before **July 30, 2022** so that deposition discovery may occur on such matters before the expiration of deposition discovery on **October 1, 2022**. All parties shall file and serve their final witness and exhibit lists on or before **September 1, 2022**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

  M.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

## IV. Discovery and Dispositive Motions

The deadlines for exchanging written discovery and filing summary judgment motions set out in ¶(c) of the parties prior Case Management Plan have expired.  All remaining discovery in this matter shall consist of the taking of the following depositions:

  **Best Inn Shall Depose:**

  Eric Doyle
  Terry Dockery
  Dustin Carrico
  Leigh McClain
  Representative(s) knowledgeable about 30(b)(6) Topics

   **Ohio Security Shall Depose:**

   Sabatino Johns
   Mark Belcher - Indianapolis General Contractors

These depositions shall be completed on or before **October 17, 2022**.

**V.**   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in December 2022.**

**VI.**   **Trial Date**

The parties request a trial date in the **first Quarter of 2023**. The trial is by Jury and is anticipated to take Five days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**   **Referral to Magistrate Judge**

  A.   **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

  B.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    **B.**     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

The Court is advised that Defendant's Initial Preliminary CMP is also on record. That while this plan is a compromise, the Court may refer to that filing for additional information about the parties, about additional requests and additional issues and when appropriate incorporate that information within this plan.

| Plaintiff, | Defendant, |
|---|---|
| */s/Joseph M. Dietz* | */s/ Frank S. Homsher* |
| Joseph M. Dietz | Frank S. Homsher |
| Attorney for The Ohio Security Insurance Company | Attorney for Best Inn Midwest, LLC |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____  _____
Date  U. S. District Court
 Southern District of Indiana