In the

# United States Court of Appeals

### For the Seventh Circuit

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 23-1696

OHIO SECURITY INSURANCE COMPANY,

*Plaintiff-Appellee,*

*v.*

BEST INN MIDWEST, LLC,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-01223-RLY-MG — **Richard L. Young**, *Judge.*

———————————

ARGUED NOVEMBER 15, 2024 — DECIDED JULY 10, 2025

———————————

Before EASTERBROOK, ROVNER, and KIRSCH, *Circuit Judges.*

ROVNER, *Circuit Judge.* When vandals damaged air conditioning units on its hotel rooftop, Best Inn Midwest, LLC (Best Inn) filed a claim with its insurer, Ohio Security Insurance Company (Ohio Security), which eventually denied the claim and began inquiries to determine whether the hotel was vacant and thus not covered under the terms of the policy. When Best Inn failed to supply Ohio Security with the requested information, the insurer filed suit seeking a declaration that the

2                                                    No. 23-1696

insurance policy did not offer coverage for the claims. Best
Inn counter-sued claiming Ohio Security denied the claim in
bad faith, and Ohio Security moved the court for summary
judgment on that claim.

## I.

Since 2010, Best Inn owned and operated a hotel with the
same name, "Best Inn," in Indianapolis, Indiana. Ashok
Reddy is the sole owner of the Best Inn corporation. Reddy
was an inexperienced and absentee hotelier and, conse-
quently, the hotel was plagued with problems including
health code violations, dilapidation, criminal activity, and
dishonest employees. Among those problems, Reddy be-
lieved that his managers were manipulating guest logs to em-
bezzle cash payments. In 2014, the City obtained an injunction
forcing the hotel to close because of recurrent health code vi-
olations. When the City provisionally permitted the hotel to
reopen in 2017, Best Inn purchased a commercial property in-
surance policy from Ohio Security for coverage from Decem-
ber 20, 2018, through December 20, 2019. That policy, how-
ever, excluded insurance coverage for certain losses, includ-
ing vandalism, if a building was "vacant" for sixty consecu-
tive days or more. The policy defines a building as "vacant"
if less than 31% of its total square footage is rented or used by
the building in its customary operations.

Best Inn made fourteen claims under the policy, but only
one is at issue in this appeal—a claim for vandalism to air con-
ditioners located on the roof of Building A, one of five sepa-
rate (but connected) buildings. Building A contained a restau-
rant, which Best Inn concedes was not being used, a lobby,
front desk, offices, conference rooms, and a lounge area.

No. 23-1696                                                          3

After Best Inn made its claim for damage to the air conditioning units, Ohio Security sent its claims adjuster, Eric Doyle, to inspect the property along with an independent investigator hired by Ohio Security's Special Investigations Unit. Doyle had recently been to the hotel to investigate a separate claim (not at issue in this appeal) for damage to the roof upon which the air conditioning units were attached and had denied that claim, finding that the damage to the roof was the result of deterioration. After his visit on September 25, 2019, Doyle denied the air conditioner claim as well, asserting that he saw no new damage to the air conditioning units that was not already part of the damage he had seen during his earlier roof inspection. In his deposition he testified that he concluded that the damage was "from the same vandalism that I thought was from vacancy on my first claim." R. 135-6 at 26. Ohio Security concedes that Doyle's assessment that there had been no new damage was wrong and that he failed to identify some recent vandalism that had damaged the air conditioning units. In his deposition, Doyle also conceded that he had just been in an accident and was not performing at his best on the day of the investigation. The independent investigator hired by Ohio Security, on the other hand, issued a report that contradicted Doyle's, noting the damage to the air conditioners. At the end of the day, Doyle's error had no effect on Ohio Security's ultimate denial of the claim, as Ohio Security employees quickly began to have doubts about the occupancy rate of the hotel. By the time Ohio Security filed suit for declaratory judgment, its defense to payment of the claim was not that the units had not sustained damage, but rather that the policy did not cover acts of vandalism occurring when the hotel was vacant, and the hotel was, indeed vacant.

4                                                    No. 23-1696

In fact, the shift in theory happened fairly quickly. Shortly after Doyle's inspection, Ohio Security invoked language in the policy requiring Best Inn to supply the insurer with certain information about the operations of the hotel. On January 30, 2020, Ohio Security sent Reddy a request for an examination under oath and for certain documents concerning the hotel's occupancy history to determine whether Building A was vacant within the meaning of the policy. When Best Inn failed to respond, Ohio Security wrote to Reddy on March 7, but that correspondence went unanswered as well. Having failed to receive any responses that could enlighten Ohio Security about occupancy, on March 19, 2020, Ohio Security filed a declaratory judgment action seeking a ruling that it owed no duty under the policy because the building was vacant at the time of the damage. Best Inn removed the case to federal court on the basis of diversity of citizenship—Ohio Security is a New Hampshire corporation with its principal place of business in Massachusetts; Best Inn is an Indiana corporation. *See* 28 U.S.C. §1332.

Counsel for Ohio Security again wrote to Reddy on March 20 and 30, requesting documents, and after failing to receive a response, filed a discovery request on April 17, 2020, asking for the hotel's guest registers and guest records for 2019; payroll, employee attendance, and revenue records for 2019; and tax returns and profit/loss statements for 2019 (and prior years).[1] But even with the imprimatur of a lawsuit, and a follow up email on May 19, Best Inn failed to comply.

---

[1] On several occasions, counsel for Ohio Security wrote directly to Reddy as opposed to Best Inn's attorney as Reddy's counsel changed
(continued)

No. 23-1696                                                                 5

On June 16, 2020, both party's lawyers and Reddy had an extensive telephone conference during which they discussed the discovery requests. Ohio Security resent the discovery requests to Reddy's new counsel that same day. Three days later, on June 19, 2020, both party's lawyers and Reddy attended the magistrate judge's status conference to discuss the case, including Best Inn's discovery obligations. When the answers to those requests were still not forthcoming, counsel for Ohio Security again contacted Reddy on July 2 and July 24, and then contacted Reddy's new counsel on August 12, 21, and November 4, all to no avail.

On November 4, 2020, Ohio Security filed a motion to compel discovery responses, which the district court granted on November 10, 2020, ordering Best Inn to timely and completely respond to the overdue discovery requests by November 25, 2020. Best Inn sent Ohio Security a few records, specifically innkeeper tax records, but those records merely showed the hotel's total monthly receipts and did not provide information about occupancy rates and thus were not responsive to the discovery requests.

Later, after attorney meet-and-confer conferences on December 1 and 11 failed to provoke Best Inn's response, the district court, on December 17, issued a second order mandating that Best Inn provide Ohio Security with the requested discovery responses by December 31, 2020. Despite two court orders compelling production—as well as repeated requests by Ohio Security both to counsel and directly to Reddy—Best Inn still failed to produce the requested documents.

---

several times and there were times when Reddy was unrepresented. *See, e.g.*, R. 83-9, 83-10.

Consequently, on January 12, 2021, Ohio Security moved for discovery sanctions against Best Inn, requesting an order declaring the hotel "vacant" within the meaning of the policy.

On May 3, 2021, Ohio Security sent Reddy and his attorney a letter explaining the result of its investigation, including its expert reports and its finding that the hotel was vacant as defined by the policy. Best Inn alleged in filings to the court that some of the logs were destroyed by dishonest employees, and that many guest logs were consumed in a fire that occurred on November 3, 2020. On May 28, 2021, the magistrate judge issued a report and recommendation that the court grant Ohio Security's motion for sanctions and declare the hotel vacant for the period of January 1, 2019, through December 20, 2019. The district court adopted that recommendation and entered the order on August 16, 2021.

Once the district court found that the hotel was vacant as a matter of law, it granted summary judgment to Ohio Security on Best Inn's counterclaim for bad faith; there was nothing left to decide. Best Inn appeals both the district court's sanction order as well as its grant of Ohio Security's motion for summary judgment.

## II.

Federal Rule of Civil Procedure 37 authorizes district courts to issue sanctions for noncompliance with discovery requests and court orders, and district courts have broad discretion to do so. *See* Fed. R. Civ. P. 37; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *United States v. Mitrovich*, 95 F.4th 1064, 1069 (7th Cir. 2024). We review such orders for an abuse of discretion only. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004). When a party disobeys a discovery

No. 23-1696                                                         7

order, a court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action … ." Fed. R. Civ. P. 37(b)(2)(A)(i). However, a sanction should be proportionate to the infraction. *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021). In fashioning an appropriate sanction, courts consider "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

The district court found that Best Inn was well aware of its discovery obligations and yet "utterly failed to disclose and/or preserve critical records in this case." R. 91 at 5. The court noted the many times that Ohio Security put Reddy on notice of the hotel's discovery obligations and the fact that the insurer was stymied by Best Inn's dilatory tactics. When adding together phone calls, emails, discovery requests, conferences, and court dates, our review of the record reveals well over a dozen attempts by Ohio Security to garner information to which it clearly was entitled both by the terms of the policy and by court order. As the district court put it:

> Not only did Best Inn fail to respond to Ohio Security's requests, but it also failed to respond to this court's orders directing it to disclose the records. (Filing No. 44, Order Granting Motion to Compel; Filing No. 50 Order Granting Motion to Amend the Case Management Plan). By the time Best Inn granted Ohio Security access to the building in January 2021, the hotel was in

8                                                       No. 23-1696

> shambles and the records had been destroyed.
> (See Dietz Dec. ¶ 6; see also Filing No. 83-12,
> Photos of Hotel). This is clear grounds for sanc-
> tions.

R. 91 at 6. The district court then agreed with the magistrate judge's recommendation that the proper remedy was to find the hotel "vacant" as the term is used in the insurance contract. According to the court,

> a monetary sanction and a spoilation instruction
> (should this make it to a jury) would not ac-
> count for the egregiousness of the violations. A
> lesser sanction would also severely hamstring
> Ohio Security because Ohio Security would be
> left to prove "vacancy" with little to no evi-
> dence. Second, Best Inn's conduct amounts to
> bad faith. Best Inn engaged in dilatory tactics by
> failing to respond to any of Ohio Security's re-
> quests; ignoring two court orders; and waiting
> a full year until it granted Ohio Security access
> to the hotel. What's more, Reddy has told this
> court different stories about the existence and
> location of the records. (See Filing No. 79, Dec-
> laration of Ashok Reddy at 2 – 3) (explaining
> dishonest staff had stolen the records); (id. at 4)
> (explaining the records were destroyed in a
> fire). Although this is a strong sanction, Best
> Inn's tactics severely prejudiced Ohio Security
> and wasted much of this court's time.

R. 91 at 6.

Case: 23-1696   Document: 46   Filed: 07/10/2025   Pages: 11   (9 of 13)

No. 23-1696                                                    9

The court evaluated thoroughly whether a lesser sanction would be appropriate but determined that no other sanction would suffice as Ohio Security would be left to prove that the hotel was vacant without access to the evidence—evidence that was no longer available due largely to Best Inn's bad faith conduct. *Id.* Indeed the entirety of Ohio Security's case rested on the vacancy of the hotel, and the documents were the key to establishing that fact. We see no reason to disrupt the court's reasonable application of sanctions. The court also considered the veracity of Reddy's claims about what happened to the records and found them to lack credulity. Before the district court, Best Inn had argued at times that dishonest employees had stolen the records, and at other times that fire and water damage from a fire had destroyed them. Best Inn argues on appeal that both things are true. Nevertheless, the district court had the best opportunity to determine whether Reddy's explanations engendered trustworthiness. *See Domanus v. Lewicki*, 742 F.3d 290, 298 (7th Cir. 2014). We will not disturb the district court's reasonable credibility finding on this matter. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985); *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 981 F.3d 618, 622 (7th Cir. 2020). In any event, by the time the fire consumed the guest logs, Ohio Security had been requesting access to them for over nine months.

Moreover, Best Inn does not deny that the discovery violations occurred (at least many of them), but rather that it was Best Inn's "lawyer who had orchestrated, facilitated and enacted [sic] most of the sanctionable conduct," and there was "no question … that Best Inn's counsel played the primary role in delaying discovery responses." Reply Brief at 6, 8; *see also*, Best Inn Brief at 9. But as Best Inn concedes, litigants are bound by the acts and omissions of their lawyers, even when

those lawyers engage in intentional misconduct. *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015). Best Inn argues that it is unfair for it to shoulder all of the burden of counsel's wrongdoing and for his lawyer to suffer no consequences. The consequences, however, are in the hands of Best Inn. "When lawyers fail, the remedy is malpractice litigation against the wrongdoer, not more litigation against an innocent adversary in the original litigation." *Id.*

We conclude that the sanction was an appropriate, proportionate response to Best Inn's conduct, and not an abuse of discretion. And because the district court did not abuse its discretion by deeming the hotel vacant at the time the air conditioner was vandalized, there are no remaining disputes as to any material fact. *See* Fed. R. Civ. P. 56(a). The hotel was declared vacant and thus the insurance policy simply did not apply. This forecloses any argument from Best Inn that Ohio Security denied coverage in bad faith and entitles Ohio Security to summary judgment on Best Inn's counterclaim of bad faith. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). As Best Inn concedes, the court's sanction amounted to a dismissal—there was nothing left to decide. A dismissal is well within a court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Ebmeyer*, 11 F.4th at 546 (quoting *Schilling v. Walworth Cnty. Park & Planning Comm'n*, 805 F.2d 272, 274–75 (7th Cir. 1986)). Moreover, even if Best Inn's agent, Doyle, initially denied coverage in bad faith as opposed to negligence (and we see no support for that supposition), Ohio Security very quickly determined that the true basis for denial was not that the air conditioning units had not sustained damage, but that the policy simply did not apply to the vacant hotel. To the extent there was any delay in determining the true reason why

No. 23-1696                                                    11

Ohio Security need not cover the claim, Best Inn bore the brunt of that responsibility. Very soon after the inspection, Ohio Security began requesting the documentation to establish occupancy, but Best Inn refused to comply. Because Ohio Security's denial was not based on any assessment of damage to the air conditioning units, none of the facts associated with the inspection of those units was relevant to the resolution of the case. The reasonable sanctions led to the appropriate grant of summary judgment, thus allowing us to AFFIRM the judgment of the district court in all respects.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

July 10, 2025

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 23-1696 | OHIO SECURITY INSURANCE COMPANY, Plaintiff - Appellee v. BEST INN MIDWEST, LLC, Defendant - Appellant |

| **Originating Case Information:** |
|---|
| District Court No: 1:20-cv-01223-RLY-MG |
| Southern District of Indiana, Indianapolis Division |
| District Judge Richard L. Young |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**    (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 1, 2025

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

To:   Kristine L. Seufert
      UNITED STATES DISTRICT COURT
      Southern District of Indiana
      United States Courthouse
      Indianapolis, IN 46204-0000

| | |
|---|---|
| | **OHIO SECURITY INSURANCE COMPANY,**<br>Plaintiff - Appellee |
| No. 23-1696 | v. |
| | **BEST INN MIDWEST, LLC,**<br>Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:20-cv-01223-RLY-MG<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                No record to be returned

form name: **c7_Mandate**    (form ID: **135**)